IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09cr159 |
| | § | |
| MIGUEL ANGEL FERNANDEZ | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 28, 2012 to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Jay Combs.

On August 23, 2006, Defendant was sentenced by the Honorable John Edwards Conway, United States District Judge, to a sentence of 30 months imprisonment followed by a 4-year term of supervised release, for the offense of importation and possession with intent to distribute 50 kilograms or more of marijuana. Defendant began his term of supervision on February 19, 2008. This case was transferred to the Honorable Richard A. Schell, United States District Judge, on September 25, 2009.

On February 21, 2012, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 7). The Petition asserts that Defendant

violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement.  Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office; and (8) Defendant shall be placed on home confinement for a period not to exceed 120 days, to commence immediately. During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer.  Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period.  At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  Defendant is to pay the cost associated with his program of electronic monitoring.

The Petition alleges that Defendant committed the following violations: (1) On November 28, 2011, Defendant was arrested by the Plano Police Department and charged with possession of

marijuana under 2 ounces. He as released on bond later the same day, and the charge remains pending in Case No. 003-88261-2011 in Collin County Criminal Court at Law 3; (2) Defendant failed to submit a written report for the months of August, September, October, November, and December 2011, and January 2012. Additionally, Defendant has not reported since June 30, 2011, and his current whereabouts is unknown; (3) Defendant failed to notify the probation officer prior to his change in residence since on or about July 21, 2011; (4) Defendant failed to notify the probation officer of the above noted arrest on November 28, 2011; (5) Defendant failed to report for random drug testing at Addiction Recovery Center, 650 Edmonds Lane, #231, Lewisville, Texas, as instructed on May 4, and 31, 2011; June 2, and 29, 2011; July 6, and 29, 2011; August 1, and 26, 2011; September 3 and 22, 2011; October 3, and 28, 2011; November 30, 2011; December 2, and 28, 2011; January 4, and 27, 201; and February 2, 2012. Additionally, Defendant failed to report for his scheduled counseling session on July 13, 2011, and has not reported for counseling since July 6, 2011; (6) Defendant's conditions of supervised release were modified to include this term of home confinement as a result of his arrest for driving while intoxicated, as previously reported to the Court. The period of home confinement was suspended in order for the Defendant to serve his court ordered jail time as a result of his conviction in that case. Defendant completed 53 days of home confinement prior to his surrender to authorities, with 67 days remaining. Upon his release from state custody, Defendant failed to secure a stable residence where he could maintain a telephone line in order to complete his term of home confinement. The 67 days remain unserved.

At the hearing, Defendant entered a plea of true to all the alleged violations except Allegation 1 (Defendant shall not commit another federal, state or local crime). Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this

Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the February 28, 2012 hearing, and the agreement of the parties, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months imprisonment and 67 days of home confinement to commence upon completion of his term of imprisonment, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 5th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE